**ALANA L. MCMAINS**
California State Bar No. 285942
**MCMAINS LAW, APC**
185 W. F St. #100-R
San Diego, California 92101
Telephone: (619) 310-5421
alana@mcmainslaw.com

Attorneys for
Farlis Almonte

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HONORABLE BARBARA L. MAJOR

| UNITED STATES OF AMERICA, | CASE NO.: 25-CR-1502-JES-01 |
|---|---|
| Plaintiff, | |
| v. | **MR. ALMONTE'S MOTION TO MODIFY CONDITIONS OF RELEASE** |
| FARLIS ALMONTE et al., | |
| Defendant. | |

Defendant Faris Almonte, by and through his attorney Alana L. McMains, hereby moves this Court to modify the conditions of his release. Specifically, he requests that this Court remove the GPS monitoring condition.

**I.     Statement of Facts**

On March 25, 2025, Mr. Almonte was arrested in the Southern District of California. He charged in a complaint with three counts: (1) conspiracy to bring in aliens for financial gain in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(2)(B)(ii); (2) bringing in aliens for financial gain and aiding and abetting in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2; and (3)

receipt of bribes by public official in violation of 18 U.S.C. § 201(b)(2)(C). (24-CR-1302; ECF No. 1, 7).

At his detention hearing on March 28, 2025, this Court set conditions of release for Mr. Almonte. (*Id.*, ECF No. 21). The United States appealed to the District Court and sought an order of detention without bail. (*Id.*, ECF No. 26). On April 7, 2025, Honorable James E. Simmons denied the government's motion but added one additional condition: GPS monitoring. (*Id.*, ECF No. 46). Mr. Almonte was released the next day. (*Id.*, ECF No. 48).

On April 22, 2025, Mr. Almonte waived indictment and was arraigned on an information that contained the same charges as in the Complaint. (ECF No. 59). On May 8, the United State indicted Mr. Almonte and severe co-defendants; the original case was dismissed and the action has continued under Case No. 25-CR-1502-JES. The motion hearing/trial setting has been continued several times due to the voluminous nature of the discovery. (25-CR-1502; ECF Nos. 36-37, 44-45, 62-64, 69-72).

Defense counsel confirmed with U.S. Pretrial Services that Mr. Almonte has remained in compliance with all conditions of his bond since his release. Pretrial Services does not object to the removal of the GPS monitoring condition, and the Assistant United States Attorney assigned to the case advised defense counsel that the government will defer to Pretrial Services. Neither surety in the case opposes the modification.

This motion follows.

**II.  Argument**

This Court should modify the conditions of Mr. Almonte's release by removing the GPS monitoring requirement. Mr. Almonte has demonstrated his commitment to abiding by this Court's orders throughout his time on release. He has attended all required court hearings. He is currently employed, working as an electrician. He has not disobeyed any orders from Pretrial nor engaged in

1  unauthorized travel; he has in fact traveled between Miami and San Diego for a
2  legal visit and remained in compliance the entire time. All this suggests that Mr.
3  Almonte does not pose the significant flight risk that the United States was
4  concerned about at his bond hearings.

5  At this point, the GPS monitoring requirement is more restrictive than
6  necessary to ensure Mr. Almonte's appearance at future hearings. The GPS ankle
7  monitor is causing Mr. Almonte substantial discomfort and skin irritation. It has
8  also reduced his ability to work safely, because his job requires him to often climb
9  to high areas, something that is more difficult due to the cumbersome ankle
10 monitor. Mr. Almonte has also struggled with the limited freedom, as he would
11 like to attend his church's nightly Bible studies but is not able to under the current
12 restrictions. Further, due to the substantial discovery in this case and the number
13 of defendants, Mr. Almonte is likely to remain on bond for a significant amount
14 of time during the pendency of the case. He has already been attached to the ankle
15 monitor for approximately 7 months.

16 Mr. Almonte's supervising Pretrial Officer, who is in the best position to
17 assess any potential threat of noncompliance, does not object to removing the
18 GPS monitoring position. The United States defers to Pretrial. For these reasons,
19 Mr. Almonte respectfully requests that the Court grant his motion. If for some
20 reason the Court still has concerns about Mr. Almonte, a less restrictive condition
21 such as a curfew could be implemented instead.

### III. Conclusion

For the foregoing reasons, Mr. Almonte respectfully requests that this Court grant his motion.

Respectfully submitted,

Date: November 2, 2025

*s/ Alana L. McMains*
Alana L. McMains
Attorney for Mr. Almonte